IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

MICHAEL OGIDI-GBEGBAJE,

    Plaintiff,

v.

WESTERN EXPRESS,

    Defendant.

CIVIL ACTION FILE NO.

1:17-CV-00936-WSD-JFK

## **FINAL REPORT AND RECOMMENDATION**

Plaintiff Michael Ogidi-Gbegbaje filed the above-styled employment discrimination action against Defendant Western Express on March 16, 2017. [Doc. 3 ("Complt.")]. In his Complaint, Plaintiff asserts federal claims of race and national origin discrimination based on Title VII, 42 U.S.C. § 2000e-2(a)(1), when Defendant allegedly failed to rehire Plaintiff in December 2016. [Id.]. On June 2, 2017, Defendant filed a motion to dismiss pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 12(b)(6), for failure to state a claim, or, in the alternative, a motion for summary judgment pursuant to Fed. R. Civ. P. 56. [Doc. 7]. Plaintiff failed to timely respond to the motion to dismiss, and when he did respond on July 17, 2017, [Doc. 11], Plaintiff did not seek leave to file his response out-of-time. See Fed. R. Civ. P. 6(b)(1)(B) (as amended 2007) (The Rule provides in pertinent part: "When an act may

or must be done within a specified time, the court may, for good cause, extend the time: (B) on motion made after the time has expired if the party failed to act because of excusable neglect."). However, Defendant has not objected to the untimely response, and the court finds that nothing contained therein, even if considered, alters the court's recommendation in this case.

As noted, in the alternative to the motion to dismiss, Defendant seeks summary judgment on Plaintiff's claims and offers the declaration of Roland M. Lowell in support. [Doc. 7, Lowell Declaration]. When deciding a Rule 12(b)(6) motion, the court has discretion to determine whether to accept documents beyond the pleadings. But Rule 12(d) provides:

> If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

Fed. R. Civ. P. 12(d) (as amended 2009). In other words, "once the court decides to accept matters outside the pleading, it must convert the motion to dismiss into one for summary judgment." Property Management & Investments, Inc. v. Lewis, 752 F.2d 599, 604 (11th Cir. 1985). The court in this case declines to consider the Lowell Declaration and, at this early stage of the proceedings, to consider Defendant's motion

2

AO 72A
(Rev.8/82)

for summary judgment. The court, therefore, recommends denying the motion [Doc. 7] for summary judgment. However, after consideration of the pleadings, the court recommends that the motion [Doc. 7] to dismiss be granted.

**I.     Facts**

On a motion to dismiss under Rule 12(b)(6), the complaint's factual allegations are assumed true and construed in the light most favorable to the plaintiff. Hardy v. Regions Mortg., Inc., 449 F.3d 1357, 1359 (11th Cir. 2006); M.T.V. v. DeKalb County Sch. Dist., 446 F.3d 1153, 1156 (11th Cir. 2006). "However, conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." Oxford Asset Mgmt., Ltd. v. Jaharis, 297 F.3d 1182, 1188 (11th Cir. 2002) (citations omitted). Accordingly, the following factual allegations are drawn from the Complaint.

In the Complaint, Plaintiff alleges that Defendant discriminated against him based on his race, African-American, and national origin, Nigerian, by failing to rehire him. [Complt. ¶¶ 1, 12-14]. In support, Plaintiff presents the following factual allegations:

> I was hired by the above named employer on April 1, 2016, as a Commercial Driver License. On July 12, 2016, my employer advised the police of my location and I was taken to jail for six months. On

3

December 27, 2016, I re-applied for the job but the employer did not want to rehire me. The reason given to me was that I cannot be rehired because I was arrested.

[Complt. 14]. Plaintiff concludes by stating, "I believe that I was discriminated against because of my race (African-American) and national origin (Nigerian) in violation of Title VII . . . ." [Id.].

Attached to the Complaint is Plaintiff's charge filed with the Equal Employment Opportunity Commission ("EEOC") which also alleges discrimination based on race and national origin. [Complt. ¶ 7, Attachment ("EEOC Charge")]. Therein Plaintiff alleges that he was hired on April 1, 2016, as a Commercial Driver License, that on July 12, 2016, his employer advised the police of his location, that he was taken to jail for six months, and that he reapplied for a job with Defendant on December 27, 2016. [EEOC Charge]. Plaintiff also alleges that he was told he was not rehired because of being arrested. [Id.].

Additional facts will be set forth as necessary during discussion of the motion to dismiss.

## II. Motion to Dismiss Standard

The Federal Rules of Civil Procedure include no requirement that a plaintiff detail the facts upon which the plaintiff bases a claim. Rule 8(a)(2) requires a

4

complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (as amended 2007). Accordingly, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of [her] 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted); accord Financial Sec. Assurance, Inc. v. Stephens, Inc., 500 F.3d 1276, 1282-83 (11th Cir. 2007) (recognizing that "while notice pleading may not require that the pleader allege a specific fact to cover every element or allege with precision each element of a claim, it is still necessary that a complaint contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory") (citations and internal quotation marks omitted). "Factual allegations must be enough to raise a right to relief above the speculative level," i.e., they must do more than merely create a "'suspicion [of] a legally cognizable right of action,' on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, 127 S. Ct. at 1965 (citations omitted) (emphasis omitted). "Stated differently, the factual allegations in a complaint must 'possess enough heft' to set forth 'a plausible

5

entitlement to relief[.]'" Stephens, 500 F.3d at 1282 (quoting Twombly, 127 S. Ct. at 1966-67). A plaintiff's complaint will be dismissed if it does not contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citation omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

The court's inquiry at this stage of the proceedings focuses on whether the challenged pleadings "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007) (citations and internal quotation marks omitted). And, a court reviewing a motion to dismiss must keep in mind that a "motion to dismiss for failure to state a claim upon which relief can be granted merely tests the sufficiency of the complaint; it does not decide the merits of the case." Wein v. American Huts, Inc., 313 F. Supp. 2d 1356, 1359 (S.D. Fla. 2004) (citing Milburn v. United States, 734 F.2d 762, 765 (11th Cir. 1984)). "Regardless of the alleged facts, however, a court may dismiss a complaint on a dispositive issue of law." Bernard v. Calejo, 17 F. Supp. 2d 1311, 1314 (S.D. Fla. 1998) (citing Marshall County Bd. of Educ. v. Marshall County Gas Dist., 992 F.2d 1171, 1174 (11th Cir. 1993) ("[T]he court may dismiss a complaint . . . when, on the

6

basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action.")); see also Glover v. Liggett Group, Inc., 459 F.3d 1304, 1308 (11th Cir. 2006) (same); Aque v. Home Depot U.S.A., Inc., 629 F. Supp. 2d 1336, 1350 (N.D. Ga. 2009).

The law establishes that "[a] document filed *pro se* is 'to be liberally construed' . . . and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]'" Erickson, 127 S. Ct. at 2200 (citations omitted). Nevertheless, nothing in that leniency excuses a plaintiff from compliance with threshold requirements of the Federal Rules of Civil Procedure. "Even though a *pro se* complaint should be construed liberally, a *pro se* complaint still must state a claim upon which the Court can grant relief." Grigsby v. Thomas, 506 F. Supp. 2d 26, 28 (D. D.C. 2007).

The court will apply these standards in ruling on the motion to dismiss.

## III. Discussion

Plaintiff alleges that Defendant violated Title VII by subjecting him to discrimination on the basis of his race and national origin when it refused to rehire him on December 27, 2016. [Complt ¶¶ 12-14]. Title VII makes it unlawful for an employer "to discriminate against any individual with respect to his compensation,

7

terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). Although Plaintiff is not required to plead a *prima facie* case of discrimination in order to survive Defendant's motion to dismiss, the elements of a *prima facie* case of discrimination "are a useful guide to determining whether his complaint states a claim [for race and/or national origin discrimination] plausible enough to survive scrutiny under Iqbal and Twombly." Johnson v. Blount County, 2017 WL 1137454, at *3 (N.D. Ala. March 27, 2017); and see Swierkiewicz v. Sorema, N.A., 122 S. Ct. 992, 997-99 (2002); Davis v. Coca-Cola Bottling Co. Consol., 516 F.3d 955, 974 (11th Cir. 2008). Plaintiff may assert a case of race and/or national origin discrimination by alleging facts showing that: (1) he is a member of a protected class; (2) he was subjected to an adverse employment action; (3) his employer treated similarly situated employees outside his protected class more favorably; and (4) he was qualified to do the job. See Burke-Fowler v. Orange County, Florida, 447 F.3d 1319, 1323 (11th Cir. 2006).

For the purposes of deciding the pending motion to dismiss, the court finds that Plaintiff has alleged facts to establish three of the four elements of a *prima facie* case, that is, he is African-American and Nigerian, he was denied being rehired and he was qualified for his job. For the final *prima facie* element, Plaintiff must sufficiently

allege that Defendant treated similarly situated non-African-American and/or non-Nigerian employees more favorably. In <u>Jones v. Bessemer Carraway Med. Ctr.</u>, 137 F.3d 1306 (11th Cir.), <u>partial superseding opinion on denial of rehearing</u>, 151 F.3d 1321 (11th Cir. 1998), the Eleventh Circuit Court of Appeals emphasized that the proper comparison is to employees that are "'similarly situated in all relevant respects.'" <u>Id.</u> at 1311 (quoting <u>Holifield v. Reno</u>, 115 F.3d 1555, 1562 (11th Cir. 1997)). Specifically, the court wrote, "'[i]n determining whether employees are similarly situated for purposes of establishing a *prima facie* case, it is necessary to consider whether the employees are involved in or accused of the same or similar conduct and are disciplined in different ways.'" <u>Id.</u> (quoting <u>Holifield</u>, 115 F.3d at 1562).

In the Complaint, Plaintiff makes no reference to the treatment of any other individuals seeking to be rehired after having been arrested and spending six months incarcerated. [Complt.]. The Complaint is silent as to anyone being treated differently than Plaintiff was for any reason. [<u>Id.</u>]. And Plaintiff has otherwise failed to sufficiently plead other evidence of intentional discrimination based on his race or national origin. His "belief" that his treatment had to do with his race and national origin is simply insufficient to state a claim for relief. <u>See, e.g.</u>, <u>Henley v. Turner Broadcasting System, Inc.</u>, 2017 WL 3158142, at *8 (N.D. Ga. July 25, 2017) (finding

that the plaintiff's general allegation of different treatment of employees outside her classification insufficient to state a claim and granting the motion to dismiss); Bryant v. City of Deland, 2016 WL 3511761, at *2 (M.D. Fla. June 3, 2016) (noting that the plaintiff failed to identify any specific comparator or any other factual allegations raising an inference of intentional discrimination and recommending that the motion to dismiss be granted), report and recommendation adopted by 2016 WL 3422672 (M.D. Fla. June 22, 2016); Steinberg v. Donahoe, 2014 WL 1356711, at *10-11 (S.D. Fla. April 7, 2014) (noting that the plaintiff offered only a conclusory statement of denial of benefits afforded those outside his classification and did not mention any comparator alleged to have been treated more favorably and finding that the complaint failed to state a claim). As stated *supra*, Plaintiff's Complaint should be dismissed if it does not contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). His allegations are insufficient to state a plausible claim for relief.

And Plaintiff offers no reason to disbelieve or discount Defendant's stated reason, as alleged in both the Complaint and EEOC Charge, for refusing to rehire

10

Plaintiff, that is, that he had been arrested. Plaintiff admits that he was arrested and spent six months incarcerated. [Complt. ¶ 14; EEOC Charge]. Plaintiff may disagree with this reason for not being rehired; however, such a disagreement is not sufficient to raise an inference of discrimination. See Elrod v. Sears, Roebuck and Co., 939 F.2d 1466, 1470 (11th Cir. 1991) ("Federal courts 'do not sit as a super-personnel department that reexamines an entity's business decisions. No matter how medieval a firm's practices, no matter how high-handed its decisional process, no matter how mistaken the firm's managers, the [law] does not interfere.'") (quoting Mechnig v. Sears, Roebuck & Co., 864 F.2d 1359, 1365 (7th Cir. 1988)); and see Pennington v. City of Huntsville, 261 F.3d 1262, 1267 (11th Cir. 2001) (citation omitted) ("'[A] plaintiff employee may not establish that an employer's proffered reason is pretextual merely by questioning the wisdom of the employer's reason' as long as 'the reason is one that might motivate a reasonable employer.'"). "A plaintiff must [allege] not merely that the defendant's employment decisions were mistaken but that they were in fact motivated by race [and/or national origin]." Springer v. Convergys Customer Mgmt. Group Inc., 509 F.3d 1344, 1349 (11th Cir. 2007) (citations and internal quotation marks omitted).

11

The court, therefore, recommends that Plaintiff's Title VII claims for discriminatory failure to rehire be dismissed. And the court does not recommend allowing Plaintiff, although proceeding *pro se*, an opportunity to amend the Complaint. Plaintiff has not requested an opportunity to correct the pleading deficiencies identified by Defendant and the court. In Spear v. Nix, 215 Fed. Appx. 896 (11th Cir. 2007), the Eleventh Circuit Court of Appeals concluded that when a plaintiff is proceeding *pro se* and "'[w]here a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice.'" Id. at 902 (citation omitted); accord Case v. Riley, 270 Fed. Appx. 908, 910-11 (11th Cir. 2008); Canty v. Fry's Electronics, Inc., 736 F. Supp. 2d 1352, 1363 (N.D. Ga. 2010); and see Friedlander v. Nims, 755 F.2d 810, 813 (11th Cir. 1985) (ordinarily, "a district court should give a plaintiff an opportunity to amend his complaint rather than dismiss it when it appears that a more carefully drafted complaint might state a claim upon which relief could be granted"). Even if a *pro se* plaintiff does not request the opportunity to amend prior to dismissal, the court should provide that opportunity - if an amended complaint might state a claim. See Jackson v. Vaughan Regional Medical Center, 2009 WL 3242082, at *3 (S.D. Ala. October 6, 2009) ("courts have continued to provide an opportunity for *pro*

12

AO 72A
(Rev.8/82)

*se* plaintiffs such as Jackson to correct pleading deficiencies via amendment even where no request for leave to amend has been made, so long as 'a more carefully drafted complaint might state a claim'") (quoting <u>Bank v. Pitt</u>, 928 F.2d 1108, 1112 (11th Cir. 1991)).

As noted, Plaintiff filed an out-of-time response to the motion to dismiss. [Doc. 11]. Plaintiff, like Defendant, seeks to rely on information that is not alleged in the Complaint in opposing the motion to dismiss. While the court will not consider that information in ruling on the motion to dismiss, the court has looked to those additional allegations and determined, even if included in an amended complaint, that Plaintiff still would not state a claim for relief. <u>See</u> <u>Nix</u>, 215 Fed. Appx. at 902. Plaintiff attached a police report to his response which indicates that the police sought Plaintiff in connection with an assault on a female and that Plaintiff was identified based on the commercial truck and trailer he was observed operating near in time to the alleged assault. The police sought the assistance of an employee of Defendant to identify the operator of the vehicle and, Plaintiff alleges, his location. [Doc. 11, Exh. I]. Apparently, after his arrest, Defendant's truck and trailer were impounded. [Doc. 11]. Plaintiff repeats that, after his release from custody, he applied to be rehired and was told that he would not be rehired because of the arrest. Plaintiff only adds that he was

13

qualified for the job at that time. [Id.]. Nothing in these facts raises any inference of discrimination or demonstrates that, if allowed to amend the complaint, Plaintiff might be able to state a cause of action.

## IV. Conclusion

Based on the foregoing reasons and cited authority, the court **RECOMMENDS** that Defendant's motion [Doc. 7] to dismiss be **GRANTED** and that the Title VII claims of racial and national origin discrimination be **DISMISSED WITH PREJUDICE**. The court further **RECOMMENDS** that Defendant's motion [Doc. 7] for summary judgment be **DENIED without prejudice to renew**.

All pretrial matters have been concluded with the issuance of this Report and Recommendation in accordance with 28 U.S.C. § 636(b)(1), this Court's Local Rule 72.1, and Standing Order 14-01 (N.D. Ga. August 15, 2014). The Clerk, therefore, is **DIRECTED** to terminate the reference to the Magistrate Judge.

**SO RECOMMENDED** this 18th day of August, 2017.

JANET F. KING
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)