IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

MICHAEL OGIDI-GBEGBAJE,

    Plaintiff,

v.

WESTERN EXPRESS, INC.,

    Defendant.

1:17-cv-936-WSD

**OPINION AND ORDER**

This matter is before the Court on Magistrate Judge Janet F. King's Final Report and Recommendation [12] ("Final R&R") granting in part and denying in part Defendant Western Express, Inc.'s ("Defendant") Motion to Dismiss or, in the Alternative, Motion for Summary Judgment [7] (the "Motion"). The Magistrate Judge recommends granting Defendant's Motion to Dismiss and dismissing Plaintiff Michael Ogidi-Gbegbaje's ("Plaintiff") Complaint [3].[1] Also before the Court are Plaintiff Michael Ogidi-Gbegbaje's ("Plaintiff") Objections [14] to the R&R.

---

[1] The Magistrate Judge recommends denying Defendant's Summary Judgment Motion in the Alternative. Because the Final R&R grants Defendant's Motion to Dismiss, it need not rule on Defendant's Summary Judgment Motion in the Alternative. The Court adopts the Magistrate Judge's Final R&R insofar as its recommendation relating to Defendant's Motion to Dismiss.

**I.    BACKGROUND**

On March 16, 2017, Plaintiff, proceeding *pro se*, filed his Complaint. Plaintiff asserts a claim of racial discrimination pursuant to Title VII, 42 U.S.C. § 2000e-2(a)(1). Plaintiff claims that Defendant discriminated against him based on his race, African-American, and his national origin, Nigerian, when it failed to re-hire him. (Compl. at 1, 12-14). Plaintiff states he was hired by Defendant on April 1, 2016. (Compl. at 14). On July 12, 2016, Plaintiff was arrested and taken to jail for six months. (Id.). Upon his release in late 2016, Plaintiff reapplied for employment with Defendant but was not rehired. Although Plaintiff states Defendant notified him that it chose not to rehire him based on his criminal record, he concludes in his Complaint that he believes he was "discriminated against because of [his] race (African-American) and national origin (Nigerian) in violation of Title VII . . . ." (Id.).

On June 2, 2017, Defendant filed its Motion arguing (1) Plaintiff's discrimination claim is conclusory and without any factual support and (2) Plaintiff has failed to sufficiently state a claim for discrimination. (Motion at 6-7, 8-13). On July 17, 2017, Plaintiff filed his untimely Response [11] ("Response"). On August 18, 2017, the Magistrate Judge issued her Final R&R recommending granting Defendant's Motion to Dismiss. On September 14, 2017, Plaintiff filed

his Objections to the Final R&R, generally objecting to Magistrate Judge King's findings, arguing that his Response to the Motion was timely filed, and claiming that Defendant discriminated against him based on his criminal record. (Obj. at 1-2).

## II. LEGAL STANDARDS

### A. Motion to Dismiss

On a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must "assume that the factual allegations in the complaint are true and give the plaintiff[] the benefit of reasonable factual inferences." Wooten v. Quicken Loans, Inc., 626 F.3d 1187, 1196 (11th Cir. 2010). Although reasonable inferences are made in the plaintiff's favor, "'unwarranted deductions of fact' are not admitted as true." Aldana v. Del Monte Fresh Produce, N.A., 416 F.3d 1242, 1248 (11th Cir. 2005) (quoting S. Fla. Water Mgmt. Dist. v. Montalvo, 84 F.3d 402, 408 n.10 (1996)). The Court also is not required to accept as true conclusory allegations and legal conclusions. See Am. Dental Ass'n v. Cigna Corp., 605 F.3d 1283, 1290 (11th Cir. 2010) (construing Ashcroft v. Iqbal, 556 U.S. 662 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007)); see also White v. Bank of America, NA, 597 F. App'x 1015, 1018 (11th Cir. 2014) ("[C]onclusory allegations, unwarranted

deductions of facts or legal conclusions masquerading as facts will not prevent dismissal.") (quoting Oxford Asset Mgmt., Ltd. V. Jaharis, 297 F.3d 1182, 1188 (11th Cir. 2002)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570). Mere "labels and conclusions" are insufficient. Twombly, 550 U.S. at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556). This requires more than the "mere possibility of misconduct." Am. Dental, 605 F.3d at 1290 (quoting Iqbal, 556 U.S. at 679). The well-pled allegations must "nudge[] their claims across the line from conceivable to plausible." Id. at 1289 (quoting Twombly, 550 U.S. at 570).[2]

Plaintiff filed his Complaint *pro se*. "A document filed *pro se* is to be

---

[2] Federal Rule of Civil Procedure 8(a)(2) requires the plaintiff to state "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In Twombly, the Supreme Court recognized the liberal minimal standards imposed by Federal Rule 8(a)(2) but also acknowledged that "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555.

4

liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007). Nevertheless, a *pro se* plaintiff must comply with the threshold requirements of the Federal Rules of Civil Procedure. See Beckwith v. Bellsouth Telecomms. Inc., 146 F. App'x 368, 371 (11th Cir. 2005). "Even though a *pro se* complaint should be construed liberally, a *pro se* complaint still must state a claim upon which the Court can grant relief." Grigsby v. Thomas, 506 F. Supp. 2d 26, 28 (D.D.C. 2007). "[A] district court does not have license to rewrite a deficient pleading." Osahar v. U.S. Postal Serv., 297 F. App'x 863, 864 (11th Cir. 2008).

    B.    <u>Magistrate Judge's Report and Recommendation</u>

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983). A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). Where no party has objected to the report and recommendation, the Court conducts only a plain error review of the

5

record. United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983) (per curiam).

## III. DISCUSSION

In his Objections, Plaintiff argues his Response was timely filed because he mailed it to the Court on July 10, 2017. (Obj. at 1-2). Plaintiff's contention is without merit. N.D. Ga. R. 7.1B states:

> Any party opposing a motion shall serve the party's response, responsive memorandum, affidavits, and any other responsive material not later than fourteen (14) days after service of the motion, except that in cases of motion for summary judgment the time shall be twenty-one (21) days after the service of the motion. Failure to file a response shall indicate that there is no opposition to the motion.

Plaintiff's Response was filed beyond the maximum time limit of twenty-one days. Even if Plaintiff's Response were timely, the Court would reach the same conclusion.

The Court has carefully reviewed the remainder of Plaintiff's Objections and finds, even when liberally construed, that he has not stated any specific objection to the findings and recommendations of the Magistrate Judge or stated how they are factually or legally incorrect. See Macort v. Prem, Inc., 208 F. App'x 781, 784 (11th Cir. 2006) ("It is critical that the objection be sufficiently specific and not a general objection to the report."); Heath v. Jones, 863 F.2d 815, 822 (11th Cir. 1989) ("[T]o challenge the findings and recommendations of the magistrate [judge], a party must . . . file . . . written objections which shall specifically identify

the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection."); Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988) ("Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court."). Plaintiff also has not alleged any factual support for his generalized allegations of discrimination and, in his Objections, he acknowledged he was not rehired because of his criminal conviction. The Court finds that the Magistrate Judge did not plainly err in her findings and recommendations, and those findings are adopted by the Court.[3] The Court also overrules Plaintiff's purported objections to the Final R&R.

## IV. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge Janet F. King's Final Report and Recommendation [12] is **ADOPTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Objections [14] are **OVERRULED**.

---

[3] The Court would reach the same decision if it held Plaintiff's Objections were sufficiently specific and reviewed the Magistrate Judge's Final R&R *de novo*.

**IT IS FURTHER ORDERED** that Plaintiff's race discrimination claim against Defendant Western Express Inc. is **DISMISSED**.

**SO ORDERED** this 4th day of October, 2017.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE